IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM THOMAS PAYNE,
     Plaintiff,

vs.                                 Case No. 3:11cv610/LC/CJK

DAVID KNOX,
     Defendant.

_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff is proceeding *pro se* and *in forma pauperis*. Upon review of the complaint, the Court concludes that plaintiff has not presented and cannot present an actionable claim under § 1983, and that this case should be dismissed.

Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is an inmate of the Escambia County Jail. (Doc. 1, p. 2). Plaintiff is suing David Knox, the owner of a private pest control company (Knox Pest Control) in Pensacola, Florida, claiming that on July 25, 2011, Knox placed "One Bite" mouse poison in the Jail dormitories to control a rodent problem. (*Id*., pp. 2, 5). Plaintiff faults Knox for using poison instead of traps, arguing that unless mice are trapped and removed, they "crawl back into places where nobody can get to them causing mice body's to rot and the carcasses to smell and put off the deadly disease's [sic]," called "Leptospirosis" and "Hantavirus Pulmonary Syndrome." (*Id*., p. 5). Plaintiff alleges that since August of 2011, he has experienced headaches, stomachaches, kidney pain and neck pain, which are symptoms of the "deadly diseases." (*Id.*). Claiming that

Knox failed to "follow professional methods" in violation of plaintiff's constitutional rights (*id*., pp. 5-6),  plaintiff seeks $100,000 in punitive damages and the costs of "future medical tests, doctor visits, hospital visits and medical meds."  (*Id*., p. 6).

Defendant Knox is a private individual who was contracted by the Escambia County Jail to provide pest control services.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th  Cir. 2001).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotations omitted).  Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).  The mere fact that a State regulates a private party is insufficient to make that party a "state actor."  *Id.* at 1348.

Plaintiff's allegations do not remotely suggest the kind of action that would subject this private party defendant to § 1983 liability as a "state actor."  For example, plaintiff does not allege that Knox's actions were coerced or encouraged by a state actor, that in providing extermination services at the jail Knox performed a function that is traditionally the exclusive province of the State, or that a close nexus between the State and Knox's actions existed such that Knox's actions "may fairly be treated as [those] of the State itself."  *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 930, 148 L. Ed. 2d 807 (2001). That Knox or his pest control business may be subject to State regulation does not alone convert Knox's actions into state action.  *Am. Mfrs.*, 526 U.S. at 52.

Furthermore, those courts that have considered whether companies hired to provide pest control services to a jail are state actors for purposes of § 1983 have declined to find "state actor" status.  *See Moore v. Vendor/Aramark Corr. Food Servs.*, No. 11C2327, 2011 WL 2601682, at *1 (N.D. Ill. June 30, 2011) (holding that a pest control company is not a state actor for § 1983 purposes where it is an independent contractor under a service agreement with a company providing food services to a county jail); *Stuart v. Shelby Cnty.*, No. 06-2525-JDB/dkv, 2007 WL 2471511, at *1 n.1 (W.D. Tenn. Aug. 27, 2007) (concluding that there was no § 1983 cause of action against a company providing pest control services to a jail, because it was a private company not acting under color of state law).

As plaintiff's allegations fail to establish that Knox was a state actor, plaintiff has no viable § 1983 claim against defendant Knox.  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Amendment in this case would be futile.  The Court should dismiss this action for failure to state a claim.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of February, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object

may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).